LOUISIANA & ARKANSAS RAILWAY COMPANY *v.* RATCLIFFE.

Opinion delivered November 23, 1908.

1. RAILROADS—CONTRIBUTORY NEGLIGENCE.—One who was injured at a railroad crossing cannot recover on account of the railroad company's negligence in failing to keep a lookout or to give the statutory signals if he himself was guilty of contibutory negligence. (Page 530.)

2. RAILROADS—INJURY TO TRAVELER—CONTRIBUTORY NEGLIGENCE.—Where plaintiff, driving a team on a public road, attempted to cross a railroad track at a time when a switch engine was thirty or forty yards away and moving from the crossing, but before he got across the engine was reversed, and came back rapidly enough to strike his wagon and injure him, the question whether he was guilty of contributory negligence was properly submitted to the jury. (Page 530.)

3. INSTRUCTIONS—COMPLETENESS.—If the various instructions given in a case separately present every phase of the law as a harmonious whole, there is no error in a particular instruction failing to carry qualifications which are explained in others. (Page 531.)

4. RAILROADS—INSTRUCTIONS AS TO CONTRIBUTORY NEGLIGENCE.—It was not error to instruct the jury in effect that plaintiff was not negligent in driving upon a railroad crossing unless in so doing he exposed himself to a danger that was obvious, such that a person of ordinary intelligence and prudence could not have acted upon in similar circumstances. (Page 531.)

5. SAME—BURDEN OF PROOF AS TO CONTRIBUTORY NEGLIGENCE.—The burden of proving contributory negligence is on the defendant, unless it is shown by plaintiff's testimony. (Page 531.)

6. NEGLIGENCE AS CONCURRENT CAUSE.—It was not error to instruct the jury that "if the plaintiff was in the exercise of ordinary care and prudence and the injury is attributable to the negligence of the defendant, combined with some accidental cause to which the plaintiff has not negligently contributed, the defendant is liable;" there being evidence that plaintiff's injuries were due to the concurring negligence of defendant and to plaintiff's team becoming frightened at some object. (Page 532.)

7.  RAILROADS—CONTRIBUTORY NEGLIGENCE.—Where defendant railway company, sued for negligently injuring plaintiff, asked the court to charge the jury in effect that if defendant placed himself in a place of danger and was injured he was guilty of negligence and could not recover, it was not error to insert the word *obvious* before the word "danger." (Page 532.)

8.  SAME—NEGLIGENCE.—A request for an instruction to the effect that if plaintiff attempted to cross a railroad track upon which an engine was being switched back and forth he was guilty of contributory negligence was properly modified by inserting *negligently* before the word "attempted." (Page 532.)

9.  SAME—DUTY OF TRAVELLER TO STOP AT CROSSING.—There is no imperative duty resting upon a traveller at a railroad crossing to stop before attempting to cross; his duty is to look and listen, and if this duty cannot be properly discharged without stopping then he must stop. (Page 532.)

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; affirmed.

### STATEMENT BY THE COURT.

This is an action for personal injuries by Ratcliffe against the Louisiana & Arkansas Railway Company. Upon the trial the plaintiff gave in substance the following evidence: He was in a wagon with his son, a lad of sixteen, and two men, and they were driving on a public road which crossed the tracks of the appellant railroad company in the town of Stamps. The tracks crossing the public road were the main track and two switch tracks. When he approached the west track, he found a switch engine switching backwards and forwards across the road crossing, and the nearest track contained a train of log cars on either side of the public road. His mules were used to cars, and he drove up close to the track and waited for the switch engine to get out of the way, and remained there about twenty minutes. During this time the switch engine passed the crossing four or five times. Finally it passed, without any cars attached to it, and the switch was thrown to carry it on the track which led to the commissary of the Bodcaw Lumber Company. The operatives of the engine stopped ringing the bell, and he supposed the engine was going to proceed farther on that track. The engine was thirty or forty yards away and still moving away from him when he started to cross the tracks. He had thirty or thirty-six feet to go to clear the tracks. When the wagon reached the main

line, and the heads of his mules were near the line of the east track, between the main line and the east track, the trainmen reversed the engine, commenced ringing the bell and started backing toward him. At that time they were thirty-five or forty yards from him. They started back very rapidly, and he raised his hand and commenced hallooing at the trainmen, as did another man in the wagon. He saw one of the men operating the engine with his head out of the window, looking in his direction. There was no one on the rear of the engine which was approaching. Immediately upon seeing the engine start back at him, he commenced to whip up his mules, and tried to get over the tracks before the engine reached him; but the engine came back too rapidly, although it slacked a little before it reached him, and struck the wagon, and he was thrown against it and injured. He was looking at the engine at the time he went on the track, and at all the time thereafter. The men on the engine did nothing in response to his call, unless it was to slacken the engine a little before it hit him.

On cross-examination he was asked why he had stated that he believed that they had run against him on purpose, and he said: "My belief is that it was all through their neglect and carelessness. My reason for believing it is simply this: When they crossed that track and turned in the direction of the Bodcaw commissary, they went some seventy-five or eighty feet or maybe more, maybe 100 feet or something like that, up there, and they never hitched their engine to a thing in the world, and when I got upon the track they saw me there, and it looked to me like they intentionally turned back—they came right back and after they knocked me off they went on that siding, and they did not hitch on to anything. Q. You mean by that that they saw you there, and the enginer or whoever had charge of the train tried to strike you in your wagon with the engine? A. It looked that way. I may be wrong about it."

There was testimony adduced tending to corroborate Ratcliffe in all material matters, and also testimony adduced on behalf of the defendant tending to exculpate it and to show contributory negligence on the part of Ratcliffe.

The court gave instructions on all phases of the case. Only those upon which error is assigned in this court will be set out.

They are the first, third, sixth, and seventh; and the court gave, with the modifications indicated by the words in italics, the fourth and fifth requested by defendant.

"1.   It was the duty of the defendant's servants to exercise ordinary care to observe travelers about to cross the railroad upon the highway, and in the running and handling of said switch engine to have exercised that degree of care and prudence which an ordinarily careful and prudent person engaged in like business would have exercised under like circumstances; and a failure to exercise such degree of care and prudence would render the defendant guilty of negligence in that respect."

"3.   The court instructs the jury that if you should find from a preponderance of evidence that the plaintiff was in a wagon upon the streets or highways at the crossing of defendant's railway track in question, and that defendant's switch engine which had been blocking the crossing moved down the track and onto another track, the switch of which had been thrown for its entry thereon, and which was seen by plaintiff and while said engine was distant about sixty feet, and to plaintiff it appeared from the conduct of the engine crew and other surrounding facts and circumstances that the engine would not immediately return, and that he would have time to cross, he had a right to go upon said crossing, unless you should further believe that plaintiff in so acting upon such appearances was exposing himself to a danger that was obvious, such that a person of ordinary intelligence and prudence would not have acted upon in similar circumstances."

"6.   You are instructed that the burden of proof is upon the defendant to show by a preponderance of the evidence in the whole case that the plaintiff was guilty of contributory negligence; provided such negligence is not shown by plaintiff's testimony."

"7.   The jury are instructed that if the plaintiff was in the exercise of ordinary care and prudence, and the injury is attributable to the negligence of the defendant, combined with some accidental cause to which the plaintiff has not negligently contributed, the defendant is liable."

"4.   The jury are instructed that, even if it should be proved that the defendant company occupied or blocked the road cross-

ing in question by the switching of its engine or cars an inconvenient or unreasonable length of time, yet as a matter of law such action on the part of defendant would not justify or excuse the plaintiff for unnecessarily going into a place of danger; and if the jury believe from a preponderance of the testimony that the plaintiff, while the defendant company had said crossing occupied in switching back and forth, attempted to cross the track of defendant, and thereby put himself in a place of *obvious* danger and was injured, then he was guilty of contributory negligence, and your verdict should be for the defendant."

"5. The jury are instructed that it is the duty of any one before crossing or attempting to cross a railway track to exercise due care, which is ordinarily the duty to stop and look and listen for any approaching train, and the same duty rests upon any one in crossing a railroad track where a car or engine is being properly switched back and forth upon said track at a crossing; and if the jury believe from a preponderance of the evidence that the plaintiff saw the car or engine of defendant being switched back and forth upon its track at a crossing, and *negligently* attempted to cross said track or tracks of defendant company upon which said car or engine was being switched back and forth, then such attempt to cross said track or tracks was contributory negligence on the part of the plaintiff, and at his own peril, and your verdict must be for the defendant."

There was a verdict for the plaintiff, and the railroad company has appealed.

*Henry Moore* and *Henry Moore, Jr.,* for appellant.

1. The court erred in refusing to direct a verdict for defendant, because, indulging every presumption in favor of plaintiff and considering alone the evidence most favorable to him under the pleadings and proof, he was not entitled to have his case submitted to the jury. The uncontradicted evidence shows contributory negligence, which was the proximate cause of the injury.

The rules are:

1. A failure to keep a lookout as required by the statute does not excuse contributory negligence.

2. A failure to give statutory or other signals does not excuse contributory negligence.

3.   Any negligence on the part of a railroad company which precedes and is contemporaneous with contributory negligence of the party injured does not excuse contributory negligence.

4.   Nothing but a wanton or wilful injury or, what amounts to the same thing, a failure to exercise care to avoid the consequences of the contributory negligence of injured party after becoming aware of same excuses such contributory negligence,

5.   It is negligence *per se* for an adult to go upon a railroad track, and to attempt to cross the same immediately in front of a moving train, with full knowledge of the surroundings and without being impelled to do so to avoid danger.

6.   A failure to keep a lookout, or to give signals, or excessive speed, are not such acts or omissions as amount to wilful or wanton injury, nor do they constitute a failure to exercise care to avoid the consequences of one's contributory negligence. These acts and omissions, though they may be continuous in their operation, are prior to and contemporaneous with the contributory negligence of the injured party.

7.   Though it is negligence to fail to keep a lookout or to give necessary signals, yet, unless such negligence is the proximate cause of an injury, no right of action can be based thereon, because "actionable negligence is a breach of duty resulting in injury to a person to whom such duty is owing."

See 36 Ark. 371 ; 40 *Id.* 298 ; 46 *Id.* 513 ; 48 *Id.* 106 ; 49 *Id.* 257 ; 54 *Id.* 431 ; 56 *Id.* 271 ; *Ib.* 457 ; 57 *Id.* 461 ; 61 *Id.* 549 ; 61 *Id.* 617 ; 62 *Id.* 156 ; 62 *Id.* 164-170 ; *Ib.* 235 ; *Ib.* 245 ; 64 *Id.* 364 ; 69 *Id.* 380 ; 70 *Id.* 603 ; 75 *Id.* 211 ; 76 *Id.* 10 ; *Ib.* 356 ; 77 *Id.* 398 ; 82 *Id.* 522 ; 84 *Id.* 240, 85 *Id.* 532 ; 74 U. S. 384 ; 29 Cyc. p. 505 ; Shearman & Redf. on Neg., § 25.

2.   Under these decisions there was error in the instructions.

*Searcy & Parks,* for appellee.

1.   A railroad can not commit an act calculated to lead one into danger, or to mislead him, and then be protected by a plea of contributory negligence.   Contributory negligence is a question for the jury.   105 Ind. 406 ; 8 Fed. 729 ; 118 N. C. 1047-55 ; 102 Wisc. 213 ; 17 Mich. 99 ; 22 C. C. A. 520.

2.   The negligence of defendant was the proximate cause of the injury.   1 Thompson on Negligence, § 85 ; 14 L. R. A. 749.

3.   Even if plaintiff was negligent, the company knew of his

danger, or by the exercise of ordinary care could have known of it in time to have prevented the injury, and is liable.   79 Ark. 138; *76 Id. 229; 69 Id. 489; 76 Id. 384.*

4.   The instructions have been approved in various decisions of this court.   69 Ark. 132; 79 *Id.* 140; 81 *Id.* 187; 79 *Id.* 490.

HILL, C. J., (after stating the facts.)   The point to which appellant chiefly directs his argument is that the evidence was insufficient to be submitted to the jury.   It is insisted that failure to keep a lookout as required by the statute, or failure to give the statutory signals, does not excuse contributory negligence. This is undoubtedly correct.   It is also insisted that it is negligence *per se* for an adult to go upon a railroad track and attempt to cross the same immediately in front of a moving train, with full knowledge of the surroundings, and without being impelled to do so to avoid danger; and this is undoubtedly correct.   But the plaintiff's evidence shows that at the time Mr. Ratcliffe started to go upon the track the train was moving away from him, and did not start back until he was too near the track to attempt to back away from it.   At least, the appearance at the time led him to believe that backing away was impossible.   As said in *St. Louis, I. M. & S. Ry. Co.* v. *Hitt,* 76 Ark. 227:   "The care is to be measured by the act of going into this danger, not when it is too imminent for avoidance, and when excitement and danger dethrone judgment."

It is also insisted that any negligence on the part of a railroad company which precedes and is contemporaneous with contributory negligence of the party injured does not excuse contributory negligence, and this is unquestionably true; and it is also true that if the party injured is guilty of contributory negligence there is no liability upon the railroad company unless its employees failed to use the proper care to avoid injury after discovering his danger.   All of these principles are thoroughly established, and the authorities to support them may be found in appellant's brief.   Whether such cases as the one developed in the evidence here, a summary of which may be found in the statement, should go to the jury, has been thoroughly and repeatedly and recently considered by this court; and every principle involved here has been settled in favor of sending such cases to the jury, in *St. Louis, I. M. & S. Ry. Co.* v. *Hitt,* 76 Ark. 227;

*Scott* v. *St. Louis, I. M. & S. Ry. Co.,* 79 Ark. 137; *St. Louis &
S. F. Rd. Co.* v. *Wyatt,* 79 Ark. 241; *St. Louis, I. M. & S. Ry.
Co.* v. *Dillard,* 78 Ark. 520; and *Choctaw, O. & G. Rd. Co.* v.
*Baskins,* 78 Ark. 355, and others.

It would be idle to rediscuss the principles involved. It was
the duty of the trial court to have sent the case to the jury under
proper instructions; and the question remains whether the jury
was properly instructed.

The first instruction is objected to on the ground that to de-
clare it to be the duty of the railroad company to exercise care
to observe travelers about to cross the railroad upon the highway,
and that a failure to exercise such care in watching for travelers
about to cross the railroad would render the defendant guilty of
negligence, is to overturn the long and well-established doctrine
of this court that it is the duty of travelers to be on the lookout
and to look and listen, and shifts this duty of keeping a lookout
from the travelers to the railway company. This argument, how-
ever, confuses the negligence of the railroad company with the
contributory negligence of the traveler. It is made by statute
the duty of a railroad company to keep a lookout; and especially
is this duty incumbent upon it at public crossings; and it is guilty
of negligence when it fails to do so. On the other hand, the
traveler has the corresponding duty resting upon him to look
and listen; and if he fails to perform this duty, he is guilty of
contributory negligence.

This instruction was correct, and other instructions which
presented the duty of the traveler were given, and properly so,
for it was necessary for the jury to pass upon both questions.
"It is generally impossible to state all the law of the case in one
instruction; and if the various instructions separately present
every phase of it as a harmonious whole, there is no error in each
instruction failing to carry qualifications which are explained in
others." *St. Louis S. W. Ry. Co.* v. *Graham,* 83 Ark. 61.

The next objection is to instruction number three. This in-
struction is in conformity to the principles announced in *St.
Louis, I. M. & S. Ry. Co.* v. *Hitt,* 76 Ark. 227 and *Scott* v. *St.
Louis, I. M. & S. Ry. Co.,* 79 Ark. 137.

The next objection is to instruction number six. It is said
that this instruction is misleading. But it is not pointed out
wherein it is misleading, and the instruction is in almost exactly

the language of the court in *Hot Springs Street Rd. Co.* v. *Hildreth,* 72 Ark. 572.

The next objection is to number seven. It is not objected that the instruction itself is erroneous, but that there is no evidence to which it is applicable except this, as stated by appellant's counsel: "A little bridge across a ditch in the roadway and which, by plaintiff's own testimony, is shown to have frightened his mules and caused them to step upon the track, when, but for the bridge and his mules becoming frightened thereat, he might, 'by the skin of his teeth,' have passed over in safety." This was sufficient evidence of a concurrent cause, combined with the negligence of the defendant, to submit the question to the jury.

The next objection is to the inserting of the word "obvious" before "danger" in the fourth instruction given at instance of the defendant. The authorities use this adjective in discussing the character of the danger which charges a party with contributory negligence when he voluntarily encounters it. Probably it is not necessary to so qualify it where the test is made as to whether the danger is such that an ordinarily prudent man would not meet it; but this is the accepted term in discussing the question, and it can not be error to insert it.

The next objection is to the insertion of the word "negligently" before "attempted to cross said track," in the fifth instruction given at the request of the defendant. This was a proper qualification, because he may have attempted to cross in a manner which was not negligent; and if he looked and listened, and the appearance of the danger was not such that a reasonably prudent person would regard it as imminent, then there would be no negligence in his attempting to do so; or, rather, it would be a question for the jury to say whether it was negligence to do so. This instruction stated the duty resting upon the traveler more favorably to the appellant than the law requires. There is no imperative duty resting upon him to stop and look and listen. The duty is to look and listen. If this can not be properly discharged without stopping, then he must stop. If it can be, then there is no necessity of stopping. *St. Louis, I. M. & S. Ry. Co.* v. *Martin,* 61 Ark. 549.

These are all the objections raised to the instructions, and the court fails to find any error in the instructions. The testi-

mony is sufficient to sustain the verdict. The case has been properly tried, and the judgment is affirmed.