BROWN *v.* McDONALD, ADMINISTRATOR.

5-453                                         271 S. W. 2d 769

Opinion delivered October 4, 1954.

[Rehearing denied November 8, 1954.]

*G. Byron Dobbs,* for appellant.

*Robinson & Edwards* and *Batchelor & Batchelor,* for appellee.

GRIFFIN SMITH, Chief Justice. The appeal questions correctness of a judgment in favor of Elva McDonald, whose wife was killed on Highway 59 when she was struck by a pickup truck driven by Eula Brown, 23 years of age. The truck belonged to Eula's father and was carrying a

number of passengers. All were on their way to Cedarville to attend church.

Mrs. McDonald, 38 years of age and the mother of six girls, had been working at a canning factory and was riding home with Ed Rogers and his wife. The McDonald home is a quarter or half mile from the blacktopped highway. Access to the side road used by McDonald is through a gate. There was testimony that it was customary for people who worked at canning factories to aid each other in the matter of transportation. Trucks and cars frequently stopped near the gate mentioned by McDonald, who testified at length. It is argued that because of this custom persons who knew of it were charged with care commensurate with the danger to which those who utilized the intersection area were exposed.

The night Mrs. McDonald was killed her husband had driven to the highway and had parked his truck approximately eighteen feet from the blacktop. Arthur Bunnell had parked his truck near the sideroad and when McDonald arrived he (Bunnell) pulled up beside him. When Rogers came he parked on the east side of the highway, across from McDonald and Bunnell. McDonald testified that his lights were off, but that Bunnell's parking lights were on and that the Bunnell truck was something like fifteen feet from the highway—''I guess.''

McDonald was positive that Rogers, after letting Mrs. McDonald out of the vehicle, drove away and was 300 feet up the highway when the Brown truck headlights became visible and Mrs. McDonald started to walk across the 21-ft. strip of paving, the center of which is indicated by a painted line.

The testimony regarding the position of Rogers' truck when the tragedy occurred, and speed of the Brown truck, cannot be harmonized. McDonald estimated that Miss Brown was driving about eighty miles an hour, but his opportunity for measurably accurate observation was necessarily limited. Other estimates ranged from forty to fifty miles. Miss Brown thought that immediately before the impact she was traveling fifty miles an hour,

but in coming over a road grade she saw headlights (which proved to be those of the Rogers truck) and slowed to forty miles. Her version of essential circumstances is that the Rogers truck was pulling up the road—barely moving—and that Mrs. McDonald came from behind it before the vehicle "had straightened up." Later she said the truck "was just fixing to start on."

Respecting the impact and instantaneous observations and acts immediately preceding, Miss Brown testified that she dimmed her lights for the Rogers truck, reduced her speed, and was within about three steps of Mrs. McDonald when she saw her—"she ran and was already across the yellow line when I first saw her. It just looked like she had jumped, and I struck her." Although the brakes were applied, the impact occurred before they functioned. In further explanation Miss Brown thought Mrs. McDonald had stepped over the center line and had taken one more step; but, said the witness, the truck grill was indented about two inches from the center and there was a large dent on the "right hood."

On cross-examination Miss Brown admitted that if her impression regarding position of the Rogers truck was erroneous and if in fact the truck (as other witnesses testified) had actually traveled two hundred feet, she could have seen the left side of the highway.

Our conclusion is that there was substantial evidence from which the jury could have found that Miss Brown was negligent. A closer question—but one that we resolve in favor of the plaintiff—involves the appellant's contention that Mrs. McDonald was contributorily negligent as a matter of law.

Giving effect to evidence most favorable to the plaintiff (appellee here) the jury could have found that Mrs. McDonald started to walk across the highway when the Rogers truck was far enough away to remove any visual hazard; that if, as Miss Brown testified, she reduced her speed to forty miles after observing the headlights, then Mrs. McDonald, as a reasonably prudent person, could assume there was ample time to cross before the Brown

truck reached the point where the unexpected contact occurred. That the truck was moving rapidly is indicated by the fact that Mrs. McDonald was hurled more than fifty feet, including some distance she may have rolled down an embankment. Skidmarks on the blacktop began near where the impact occurred, and damage to the truck hood was on the right side.

Unless physical facts or uncontradicted testimony leave nothing of substance in dispute, contributory negligence is for the jury, or for the judge where a jury has been waived. Here Miss Brown and Elva McDonald are interested parties and what they testified to will not be regarded as undisputed. But even so, there were other witnesses who were not concerned with the result of litigation. In the light of numerous conflicts regarding actions of the litigating principals and Mrs. McDonald, we are not willing to say, as a matter of law, that her action in crossing the highway was conduct of a nature depriving the jury of a right to say whether contributory negligence entered into the transaction.

The care required of one going into a dangerous situation is to be measured with reference to conditions at the time such act occurs, and not after the danger had become too imminent to be avoided. *Louisiana & A. Ry. Co.* v. *Ratcliffe,* 88 Ark. 524, 115 S. W. 396.

The decision in *Arkansas-Missouri Power Co.* v. *Davis,* 222 Ark. 686, 262 S. W. 2d 916, is that contributory negligence on the part of the person injured depends upon circumstances of the particular case; and if, from these circumstances, reasonable men might differ as to whether the person did or did not exercise reasonable care, the question must be left to the jury.

So, here, the prudence of Mrs. McDonald's course of conduct would no doubt evoke opposing opinions. But this is the probability that compels us to say that the trial court did not err in submitting that issue to the jury.

Affirmed.