MARY GIDDINGS, Respondent, v. CHICAGO, ROCK
ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 16, 1908.

1. RAILROADS: Crossing Collision: Negligence: Demurrer to
Evidence.  *Held*, a demurrer to the evidence was properly
refused.

2. ————: ————: ————: Instructions.  Where the traveller
stops, looks and listens both ways when within three or
four feet of the track, then it is for the jury to say whether
he was in the exercise of ordinary care of an ordinarily
prudent person in crossing over without again looking.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A.
Mosman,* Judge.

AFFIRMED.

*Brown & Dolman* for appellant.

(1)  The court erred in refusing to instruct the
jury to find for the defendant.  Hornstein v. Railroad,
195 Mo. 450; Kelsay v. Railroad, 129 Mo. 362; Green v.
Railroad, 192 Mo. 131; Stotler v. Railroad, 204 Mo. 619;
Boring v. Railroad, 194 Mo. 541; Schmidt v. Railroad,
191 Mo. 215; Giardina v. Railroad, 185 Mo. 330.   (2)
She should have looked again before stepping upon the
track, when she would have had an unobstructed view
of the train, and her failure to do so was contributory
negligence.  Kelsay v. Railroad, 129 Mo. 375; Schmidt
v. Railroad, 191 Mo. 234; Giardina v. Railroad, 185 Mo.
335.

*Mytton & Parkinson* for respondent.

(1)  The court properly submitted to the jury the
question of whether or not plaintiff was in the exercise
of ordinary care in watching where she stepped in going
across defendant's track after she had stopped at a
point within three or four feet of the track before going

upon it and looked for the approach of trains and finding that her vision was obstructed, listened for the approach of trains. (2) The court properly refused instructions numbered two, three and four, asked by the defendant, for the reason that they required plaintiff as a matter of law to look for the approach of trains instead of watching where she stepped while she was upon the track. The question of what was proper conduct under such circumstances was a question for the jury.

ELLISON, J.—Plaintiff sustained personal injury from being run upon by one of defendant's engines. She brought this action for damages and recovered judgment in the trial court.

Since the verdict was for the plaintiff we will assume the facts in the case to be what the evidence in her behalf tends to show them. She was injured at a wagon crossing in the city of St. Joseph. At the approach at that point there is a sharp curve in the track and weeds had been permitted to grow to considerable height along close to the ends of the ties. Plaintiff, who was an elderly woman, approached the track wearing a sunbonnet. She did not hear and could not see a train. She proceeded on to within three or four feet of the track when she stopped and looked both ways and did not see a train; she listened and did not hear one. She then proceeded to cross over the rails. She did not look either way while actually on the track. She was struck by a train before getting over. No whistle was sounded, nor was a bell rung.

The court properly ruled that plaintiff was not guilty of contributory negligence, as a matter of law, and refused defendant's demurrer to the evidence.

The instructions refused for defendant in effect made it necessary in order for plaintiff to recover that she should have looked for a train while actually upon the track, while walking across it. That is an excess of

caution which should not be demanded of the injured party, as a matter of law. Instead of such absolute demand the trial court instructed that if plaintiff stopped, listened and looked both ways when within three or four feet of the track, then it was a question for the jury to say whether she was in the exercise of the ordinary care of an ordinarily prudent person in crossing over without again looking. We think the trial court's view was correct and that there is no just ground of complaint of the action taken on the instructions. We do not consider the cases of Hornstein v. Railway, 195 Mo. 440; Kelsay v. Railway, 129 Mo. 362, and others cited by defendant, as applicable to the case as made for the plaintiff.

The judgment is affirmed. All concur.