# MARY MOLONEY, Respondent, v. UNITED RAIL-WAYS COMPANY OF ST. LOUIS, Appellant.

### St. Louis Court of Appeals, May 5, 1914.

1. **STREET RAILWAYS: Injury to Pedestrian: Excessive Speed and Failure to Sound Gong.** In an action for injuries sustained by being struck by a street car at a crossing, evidence that the car approached the crossing at a rate of speed of from eighteen to twenty miles per hour, and that no warning of the car's approach was given, was sufficient to make a prima-facie case of negligence on the part of defendant.

2. **TRIAL PRACTICE: Demurrer to Evidence: Effect as Admission.** A demurrer to plaintiff's evidence confesses the truth of such evidence.

3. **STREET RAILWAYS: Injury to Pedestrian: Contributory Negligence.** Ordinary care does not require one approaching a street railway crossing to constantly look and listen at all points of his approach and while on the track, and where one looks and sees no car approaching, he is not guilty of contributory negligence as a matter of law in attempting to cross the track, if, in view of the distance for which the track appears to be clear, he would have time to cross, before a car, traveling at the usual and lawful rate of speed, would reach the crossing.

4. ——: ——: ——. Where a person who was struck by a street car at a crossing looked and listened before proceeding to cross the track and when within a few feet of it, and the track appeared to be clear for one hundred and fifty feet, it was for the jury to determine whether she was in the exercise of ordinary care in proceeding to cross without looking again.

5. **TRIAL PRACTICE: Demurrer to Evidence: Rules of Decision.** In determining whether or not a demurrer to plaintiff's evidence should be sustained, the evidence should be viewed in the light most favorable to plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Hitchcock,* Judge.

AFFIRMED.

*Boyle & Priest* and *R. E. Blodgett* for appellant.

The court erred in refusing to give an instruction in the nature of a demurrer to the evidence requested by defendant. There was no evidence to justify a submission of this cause to the jury on failure to control or on the humanitarian doctrine. Paul v. United Railways, 152 Mo. App. 577; Wilkerson v. Railroad, 140 Mo. App. 306, 316; Zurfluh v. Railroad, 46 Mo. App. 636, 642; Koeppel v. Railroad, 181 Mo. 379, 395; Theobald v. Transit Company, 191 Mo. 395, 433; Dey v. Railroad, 140 Mo. App. 461, 469. Plaintiff's contributory negligence bars a recovery. Paul v. Railroad, 152 Mo. App. 577; Hornstein v. Railroad, 195 Mo. 440; Giardina v. Railroad, 185 Mo. 330; Hafner v. Transit Company, 197 Mo. 196; Ross v. Railroad, 125 Mo. App. 614; McCreery v. United Railways Co., 221 Mo. 18.

*John J. O'Brien* and *McShane & Goodwin* for respondent.

(1) There was ample evidence showing how far away from the point of collision the motorman of defendant's car could have seen the plaintiff as she entered her position of danger. There was evidence of what distance the motorman could have stopped his car traveling at the rate of speed he was going, considering the car and conditions under which it was running. (2) Under all the circumstances of this case and considering the fact that plaintiff looked and listened and saw no car within at least 150 feet of the crossing, and none in sight at all, it was at least a question for the jury to say whether her act of attempting to make the crossing was negligence on her part. Having looked to the north for an approaching car just before starting across the tracks and seeing none within 150 feet, and being reasonably assured that she could safely cross there was no duty imposed upon plaintiff to continue looking for a car where her attention was necessarily and reasonably engrossed in another direction for her care and safety. Felver v.

Railroad, 216 Mo. 195; Giddings v. Railroad, 133 Mo. App. 610; Strauchon v. Railroad, 232 Mo. 587; Thomp. Neg., p. 318, Sec. 1669 (White's Supp.). Even had plaintiff again looked to the north and seen the approaching car which struck her, being directly in front of it, it would have been impossible for her to determine its speed and that it was approaching at an unlawful or dangerous rate. Heintz v. Railroad, 115 Mo. App. 671; Strauchon v. Railroad, 232 Mo. 587. Under all the evidence the question of whether plaintiff was negligent or not was pre-eminently a question for the jury and its verdict ought not to be disturbed.

ALLEN, J.—This is an action for personal injuries sustained by plaintiff, alleged to have been occasioned by defendant's negligence. There was a verdict and judgment for plaintiff for the sum of eleven hundred dollars, and the case is here on defendant's appeal.

Plaintiff was injured by being struck by one of defendant's street cars at the intersection of Garrison avenue and Madison street in the city of St. Louis. Plaintiff had been a passenger on a car of defendant on what is known as the latter's Natural Bridge Line, the double tracks of which extend along a portion of Garrison avenue, a street extending north and south, crossing Madison street which extends east and west. Plaintiff alighted from a northbound car on Garrison avenue at the north side of Madison street, and proceeded in a westerly direction across the latter street and the double tracks of defendant thereon. She had nearly succeeded in crossing both tracks when she was struck by a southbound car upon the west track, sustaining the injuries for which she sues. She testified that after she stepped from the northbound car the latter proceeded on its way before she attempted to cross; that she stepped from this car a few feet north of the foot-crossing at this place, and walked back to

the latter and proceeded to cross the tracks; that just before she entered upon the east or northbound track, she looked to the north for an approaching car on the southbound track, and saw none. Her testimony is that, at the time she thus looked, the car from which she had alighted had proceeded far enough on its way north so that she could see along the west or southbound track to an alley north of Madison street, which she thought was about 120 or 130 feet distant. Another witness for plaintiff testified that this alley was about 150 feet distant from this crossing. From plaintiff's testimony it appears that she did not look again after entering upon the tracks.

On behalf of plaintiff a Mrs. Ralls testified that she was walking south on Garrison avenue at the time of the accident, and that the car which struck plaintiff passed her when she was about ten feet north of the alley above mentioned. This witness testified on direct examination that, in her judgment, the rate of speed of the car as it passed her was between eighteen and twenty miles per hour; that there was no bell or gong sounded in approaching the crossing, and that after striking plaintiff the car ran across Madison street, a distance of about fifty feet. On cross-examination she stated that she "could be positive that the car was running over twelve or fourteen miles per hour."

The foregoing is the substance of the testimony for plaintiff, with the exception of that of a physician. At the close of plaintiff's case defendant requested a peremptory instruction in the nature of a demurrer to the evidence, which was refused. Thereupon defendant offered no testimony except that of a physican who, at the instance of defendant, had examined plaintiff shortly prior to the trial.

The case was submitted to the jury without instructions, neither plaintiff nor defendant requesting any; and the only question involved in the appeal per-

tains to the ruling of the trial court on the demurrer to the evidence.

Learned counsel for appellant insist that the demurrer should have been sustained for the reason (1) that there was no evidence to justify the submission of the case to the jury upon the so-called humanitarian doctrine, and (2) with the latter out of the case, plaintiff's contributory negligence bars a recovery.

We shall first look to see whether plaintiff should be held guilty of contributory negligence as a matter of law. It is quite clear that plaintiff's evidence was sufficient to make a prima-facie case of negligence on the part of defendant. The petition, among other things, charges that the car was being opearted at a negligent rate of speed, and that defendant's servants in charge thereof negligently failed to ring a bell or give other warning of the approach of the car to the crossing; and the evidence tends to sustain such allegations. Indeed it is not denied that defendant's negligence appears; the sole contention being that plaintiff was guilty of contributory negligence barring a recovery except under the humanitarian doctrine which it is claimed does not apply under facts shown in evidence.

But we do not think that plaintiff can be declared guilty of contributory negligence as a conclusion of law. In support of its contetnion in this regard appellant relies upon Paul v. Railways Co., 152 Mo. App. 577, 134 S. W. 3, and cases there cited, and upon Mc-Creery v. Railways Co., 221 Mo. 18, 120 S. W. 24. But the case we think is to be distinguished upon the facts from all of these. In the Paul case it is said:

"Plaintiff testified that he was standing behind the northbound car near the west rail of the northbound track, and that he looked north from behind the car to see whether there was a car approaching on the southbound track; that he could then see about forty feet only, the northbound car preventing him

from seeing farther than this along the track. After taking this look, he crossed the intervening space between the tracks—about five feet—going west, without looking, and he did not look again for an approaching car until he was upon the southbound track, at which time the car which struck him was so close that a collision was unavoidable.''

It thus appears that there the plaintiff passed from behind a stationery car upon another track; that when he looked before emerging from behind the standing car, he could see but a distance of forty feet along the track upon which the car which struck him was approaching. He proceeded to cross the latter track without looking again and was struck by the car. In the instant case plaintiff's testimony, the truth of which is confessed by the demurrer, is to the effect that when she started to cross the double tracks in question the car from which she had alighted had then proceeded far enough away from the crossing to enable her to see along the southbound track as far as the alley north of Madison street. Plaintiff judged this distance to be from 120 to 130 feet, but another witness placed it at 150 feet. Plaintiff testified that she saw no car coming and thereupon proceeded to cross the tracks. It appears that the crossing was muddy, and that water had accumulated about the place, making it necessary for plaintiff to pay some heed to where she stepped in passing over the crossing. She had almost cleared the west rail of the south track when the car struck her.

An examination of the other cases relied upon by appellant will disclose that they do not sustain appellant's position under the facts here appearing. It would serve no useful purpose to separately discuss them.

Oridnary care does not require the traveler to constantly look and listen at all points of his approach to a railway crossing and while upon the track. If he looks and sees no car approaching, he should not be

held guilty of negligence, as a matter of law. In attempting to cross, if, in view of the distance for which the track appears to be clear, he would have time to cross before a train or car going at the usual and lawful rate of speed would reach the crossing. [See Strauchon v. Met. St. Ry. Co., 232 Mo. 587, 135 S. W. 14; White's Supp. to Thomp. Neg., p. 318, sec. 1669.]

Plaintiff having looked and listened before proceeding to cross the double tracks, and when within a few feet of the track upon which she was struck, and having seen no car, and the track appearing to be clear for a distance of perhaps 150 feet (for plaintiff is entitled to have the evidence viewed in the light most favorable to her), it is for the jury to say whether she was in the exercise of ordinary care in proceeding to cross without again looking. [See, also, Giddings v. R. R., 133 Mo. App. 610, 113 S. W. 678; Wack v. St. Louis, I. M. & S. Ry. Co., 175 Mo. App. 111, 157 S. W. 1070.]

Upon this ground alone we think that the demurrer was well ruled. And in this view of the case we need not concern ourselves with the point made by appellant to the effect that the humanitarian doctrine does not apply to the facts of the case.

The judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.