MISSISSIPPI CENTRAL RAILROAD COMPANY *v.* H. M. HANNA.

[54 South. .74.]

1. RAILROAD CROSSINGS. *Contributory negligence. Modification of instructions.*

It is the duty of any one approaching a railroad crossing to use due care and caution to avoid injury, and while it is not necessary for a driver of vehicles approaching a crossing to come to a full stop and look and listen, it is necessary for him to use such ordinary care as an ordinarily prudent person would take to insure his safety.

2. MODIFICATION OF INSTRUCTIONS.

Where an instruction presents a concrete statement of facts based on the evidence which, if believed, by the jury, entitles the party asking it, to a verdict in his favor; it is error for the court to so modify the instructions as to eliminate the hypothesis upon which he is defending.

APPEAL from the circuit court of Forrest county.

HON. W. H. COOK, Judge.

Suit by H. M. Hanna against the Mississippi Central Railroad Comany. Judgment for plaintiff and defendant appeals.

The facts are sufficiently stated in the opinion of the court.

*Jeff Truly,* for appellant.

The only instruction asked by the defendant in the court below, presenting its theory of the facts, was modified by the court, and having been modified was declined by the defendant and not read to the jury.

Thus the defendant was left without any instruction stating its hypothesis of the facts and its contentions based upon the evidence to the jury. The only instruction left the defendant was the mere general instruction

applicable to the state of case made. It is thoroughly
well established in this state that every defendant, even
a criminal accused of the most dastardly of crimes has
a right to embody his hypothesis of defense in an in-
struction and have it presented to the jury, even though
it be based alone upon his own unsupported story. The
circuit judge has no authority to reject it in advance.
We understand the rule to be that where an instruction
is correctly drawn, it is the duty of a circuit judge to
either give or refuse the same as offered. If he thinks
the instruction as presented is erroneous he has the
power, though it is not his duty, of modifying or reject
it. If he modifies the instruction as presented and the
party asking the same still uses it he is held to have
waived the exception, which otherwise the action of the
court would give him. *Railroad Company* v. *Byrd,* 89
Miss. 319; *Railroad Company* v. *Suddoth,* 70 Miss. 265.

Recognizing this rule upon the modification by the
court of the instruction asked the defendant declined to
use the same or read the same to the jury and decided to
stand upon the error in the modification. Hence, hav-
ing adopted the course pointed out by the supreme court
in the case of *Railroad Company* v. *Hardy,* 88 Miss. 746,
appellant is entitled now to insist upon the modification
as a defense.

The first inquiry then is: Was the instruction as
asked correct? For the convenience of the court the
instruction is herein copied in full as originally asked:

"The court instructs the jury for the railroad com-
pany that it is the duty of anyone approaching a rail-
road crossing to use due care and caution to avoid in-
jury, that while it is not necessary for the driver
approaching a crossing to come to a full stop and look
and listen, it is necessary for him to use such care as
an ordinarily prudent person would take to insure his
safety, and in this case, if they believe from the evidence
that Mrs. Stella Hanna, the driver of the rig in question

could have avoided the accident by looking and listening for approaching trains, then they must find for the railroad company, even though the employes in charge of the train were also guilty of negligence.''

That instruction recognizes the rule that it is not necessary for one approaching a railroad crossing to come to a full stop and look and listen and so states. It further states, however, that it is necessary for such approaching person to use such care as an ordinarily prudent person would take under similar circumstances. It then predicates the right to a verdict in favor of the defendant upon the question of whether the jury ''believe from the evidence'' that the driver approaching the crossing ''could have avoided the accident by looking and listening for the approaching train,'' that they must find for the railroad company. We submit, therefore, that this instruction as asked was correct and should have been granted without modification.

It is undoubtedly the rule that everyone approaching the public railroad crossing must use some degree of care and caution. Up to a few years ago in this state the rigid rule of ''stop, look and listen'' obtained. This was wisely modified and the rule now obtaining is accurately expressed in the instruction asked and refused as above quoted.

Without amplifying citations see: *Railroad Company* v. *Crominarity,* 86 Miss. 464; *Hopson* v. *Railroad Company,* 87 Miss. 789; *Jackson* v. *Railroad Company,* 89 Miss. 32.

The instruction asked was copied from the opinion of the supreme court in the *Jackson case, supra.* Says the court, speaking through Mayes, Chief Justice:

''It was not necessary for him to stop, look and listen; but it was necessary, under the circumstances as presented by this case, for him to do one of three things, and if he had looked, he would necessarily have seen the approaching train, and thereby saved himself from

the disaster which followed his lack of caution in this particular. It may have been negligence in the railroad company not to have blown the whistle or rung the bell, but their failure to do this did not excuse Jackson from the exercise of ordinary care himself."

In order that the court may see at a glance the effect of the unasked and unwarranted modification by the court we insert herein the instruction asked by the defendant as modified and rejected by the appellant:

"The court instructs the jury for the railroad company that it is the duty of any one approaching a railroad crossing to use due care and caution to avoid injury, that while it is not necessary for the driver approaching a crossing to come to a full stop and look and listen, it is necessary for him to use such care as an ordinarily prudent person would take to insure his safety, and in this case, if they believe from the evidence that Mrs. Stella Hanna, the driver of the rig in question, could have avoided the accident by the exercise of reasonable care and caution, then they must find for the railroad company, even though the employes in charge of the train were also guilty of negligence."

The instruction as asked presented a concrete statement of facts which if believed by the jury from the evidence, entitled the railroad company to a verdict in its favor.

The instruction as modified presented simply a proposition of law without embodying the defendant's hypothesis as deduced from the testimony, and a proposition of law, which is practically the same form, was already before the jury.

Having asked an instruction unobjectionable from a legal view point, correctly phrased, we humbly submit, presenting a sound proposition of law, applicable to the state of case made, fairly presenting the theory of the appellant, having had the same modified unwarrantedly, having reserved our execution to the action of the court

in the way pointed out by the supreme court, and now presenting the same for the ruling of the supreme court, we ask that we be given the benefit of it, and that the judgment of the lower court be reversed and the cause remanded for a new trial, when each party may marshal its forces and direct its campaign free from any suggestion or hampering on the part of the circuit judge.

*D. E. Sullivan,* for appellee.

Counsel for the defendant puts great stress on his second assignment of error, that is, the modification by the court of his third instruction. In the last paragraph on page one of his brief, I find this:

"The only instruction asked by the defendant in the court below, presenting its theory of the facts was modified by the court, and having been modified was declined by the defendant and not read to the jury."

In the record of this case will be found two instructions asked by the defendant and given by the court, which certainly must have presented defendants theory of the facts, or defendant would not have asked for such instructions. These instructions are as follows:

"The court instructs the jury for the defendant that if they believe from the evidence that Mrs. Stella Hanna could have avoided the accident by the exercise of reasonable care and caution, then they must find a verdict in favor of the railroad company, even though they may further believe that the employes of the defendant were negligent.

"The court instructs the jury for the railroad company that even though they may believe from the evidence that the train of the railroad company, upon the occasion in question, was running at a greater speed than six miles an hour, and that the bell was not ringing, and that the men on said train were not keeping the proper lookout, still if they further find from the evidence that Mrs. Stella Hanna, the driver of the rig,

could have avoided the accident by the use of ordinary care and caution, then their verdict must be for the railroad company.''

In the first of these instructions the jury were told that if Mrs. Stella Hanna could have avoided the accident by the exercise of reasonable care and caution, then the verdict should be for the railroad company, though the employes of the railroad were negligent. In the second instruction the jury were told that even though they might believe that the train was running at a greater rate of speed than six miles an hour and that the bell was not ringing, and the men on the train were not keeping the proper lookout, still the jury must find for the railroad company if they found from the evidence that Mrs. Hanna could have avoided the accident by the use of ordinary care and caution. We therefore see that the defendant did have an opportunity to present its theory of the facts to the jury without the instruction which the court modified. It does seem that the defendant should have been more than pleased with the second instruction granted it by the court, for in that instruction the jury were told in substance that it did not matter what disregard defendant showed for the life and property, nor how reckless it might have been running its train, nor to what extent it was violating the law, yet it was entitled to a verdict, if Mrs. Stella Hanna by ordinary care and caution could have avoided the injury.

This instruction when used before the jury with the skill for which counsel is noted would have resulted in a verdict for the defendant, but for the overwhelming evidence and undisputed testimony in favor of the plaintiff. Now after getting the two instructions above referred to, which were evidently preference instructions, as they are the first and second instructions asked for, and having been emboldened by the liberality of the court in granting the second instruction, defendant's counsel went a step further, and requested the court to instruct the

jury that if Mrs. Stella Hanna could have avoided the accident by looking and listening for the approaching train, that they must find for the railroad company, even though the employes in charge of the train were also guilty of negligence.  By this instruction the defendant meant to have the court tell the jury that reasonable care and caution and ordinary care and caution as used in its first and second instructions meant "look and listen." The court refused to do this by modifying the instruction, by inserting "reasonable care and caution" in the place of looking and listening.  This instruction as presented was thoroughly repudiated by counsel when he delivered the opinion of the court in the case of the *Railroad Company* v. *Crominarity,* 86 Miss. 464.  In that opinion it was said: What constitutes negligence must depend always upon the surrounding conditions and the attendant circumstances of the particular instance.  No hard-and-fast rule of action can be prescribed which will make the same course under any and all circumstances either wise or unwise, cautious or reckless; this is the language of Judge Truly when on the supreme bench.  I assume from this language that he would not have approved a "hard-and-fast rule" to the effect that one must always look and listen in approaching a railroad crossing and if he does not do so and is injured he cannot recover, it does not matter what care and caution he might have used, or how negligent the railroad company might have been.  The old rule of "stop, look and listen," was exploded by Judge Truly in the Crominarity case, but in the petition which he now presents to the court, he wants to revive the rule with "stop" left off.  If the jury must have "reasonable care and caution" defined for them by the court, by being told that this phrase means "look and listen," then why not go back to the old rule and instruct the jury that reasonable care and caution means "stop and look," or "stop and listen."   The instruction as requested would have been

just as sound if it had told the jury that the verdict must be for defendant if Mrs. Stella Hanna could have avoided the injury by stopping and listening, or by stopping and looking. If the old set fast rule of "stop, look and listen" has been abandoned and "reasonable care and caution" has been substituted for it, then why shall we return to a part of the rule and throw away "stop." Why not throw away "look" and require the driver to stop and listen, or why not throw away listen and require the driver to "stop and look."

McLain, C.

This is an appeal from the circuit court of Forest county, by appellant, from a judgment rendered against it in favor of appellee for alleged damages to one buggy, harness, and the killing of one horse. From this judgment, the defendant railroad company appeals.

Upon the trial of this cause in the circuit court, the defendant railroad company asked the following instruction (No. three): "The court instructs the jury for the railroad company that it is the duty of any one approaching a railroad crossing to use due care and caution to avoid injury; that while it is not necessary for the driver approaching a crossing to come to a full stop and look and listen, it is necessary for him to use such care as an ordinarily prudent person would take to insure his safety; and in this case, if they believe from the evidence that Mrs. Stella Hanna, the driver of the rig in question, could have avoided the accident by looking and listening for approaching train, then they must find for the railroad company, even though the employes in charge of the train were also guilty of negligence." The court modified this instruction by striking out the words "looking and listening for approaching train," and inserted in lieu thereof the words "the exercise of reasonable care and caution." This instruction, thus modified by the court, was declined by the defendant, and not read

to the jury. It is true the instruction, as modified, announced a correct proposition óf law; but, as modified it contains in substance about the same propositions of law as announced in instructions Nos. one and two given to defendant by the court. The instruction as asked by the defendant presented a correct and sound proposition of law, and was applicable to the facts of this case, and it should have been granted without modification. It presented a concrete statement of facts, based upon the evidence, which, if believed by the jury, entitled the defendant to a verdict in its favor.

On the facts in this case, we are of the opinion that the defendant was entitled to instruction No. three as originally asked, and that the learned trial judge below committed error in modifying the same.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated by the commissioner, the case is reserved and remanded.