(June 29, 1917.)

CLIFFORD GRAVES, a Minor, by LEVI HATHAWAY, His Guardian ad Litem, Respondent, v. THE NORTH-ERN PACIFIC RAILWAY COMPANY, a Corporation, Appellant.

[166 Pac. 571.]

RAILWAY CROSSINGS—NEGLIGENCE OF RAILWAY COMPANY—DUTY OF PERSON CROSSING—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

1. The failure of a railway company to comply with the provisions of sec. 2821, Rev. Codes, requiring such company to ring a bell, or sound a whistle, when approaching a place where the railroad crosses a street, road, or highway, constitutes negligence *per se.*

2. A railway corporation is liable for all damages, sustained by any person, caused by its locomotive, trains, or cars, where the provisions of sec. 2821, Rev. Codes, are not complied with, unless the person injured is guilty of contributory negligence.

3. It is the duty of a person crossing a railroad track to exercise such care as would be exercised by a man of ordinary prudence under like circumstances.

4. The presumption is that one, who is killed while attempting to cross a railroad track, was exercising due and proper care for his protection.

5. It is the duty of one about to cross a railroad track to look and listen, but it is not negligence *per se* to fail to stop, and where the facts are disputed the question of contributory negligence is one of fact, to be determined from all the facts and circumstances in evidence.

6. The evidence showed that deceased, who was driving an automobile stopped some distance from the crossing, went to the track, looked and listened; drove to within a few feet of the track, there stopping to look and listen; proceeded slowly, on the lookout for trains, and was not attempting to make the crossing ahead of the train. *Held,* sufficient to sustain a finding that deceased was using due care and was not guilty of contributory negligence.

7. Contributory negligence is an affirmative defense, the burden of establishing which, is on the defendant.

[As to duty of traveler, after looking both ways on approaching railroad track, to look again before crossing, see note in **Ann. Cas.** 1914A, 536.]

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Action for damages for death of plaintiff's father and mother. Judgment for plaintiff. *Affirmed.*

Cannon & Ferris and Sidney H. Smith, for Appellant.

It is the duty of a person about to cross a railway track to stop, look and listen. (*Wheeler v. Oregon R. & N. Co.,* 16 Ida. 375, 102 Pac. 347.)

Failure to do so is negligence *per se.* (*Burrow v. Idaho etc. R. R.,* 24 Ida. 652, 135 Pac. 838.)

A railway company has the right to assume that the traveling public will look and listen for a passing train, and that having looked and listened they will discover the oncoming train and clear the track. (3 Elliott on Railroads, sec. 1095, p. 1648; *Hamilton v. Delaware etc. R. R. Co.,* 50 N. J. L. 263, 13 Atl. 29; *Omaha etc. Ry. Co. v. Talbot,* 48 Neb. 627, 67 N. W. 599; *Berry v. Pennsylvania R. Co.,* 48 N. J. L. 141, 4 Atl. 303; *Brommer v. Pennsylvania R. Co.,* 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A., N. S., 924.)

The track is itself a warning of danger and the traveler is in all cases under the duty to exercise proper precaution to inform himself as to the proximity of trains before attempting to cross. (3 Elliott on Railroads, 2d ed., sec. 1153, p. 311; *Miller v. Terre Haute etc. Ry. Co.*, 144 Ind. 323, 43 N. E. 257; *Jennings v. St. Louis etc. Ry. Co.*, 112 Mo. 268, 20 S. W. 490; *Chicago etc. R. R. Co. v. Huston*, 95 U. S. 697, 24 L. ed. 542; *Carlson v. Chicago etc. R. Co.*, 96 Minn. 504, 113 Am. St. 655, 105 N. W. 555, 4 L. R. A., N. S., 349; *Ernst v. Hudson River R. Co.*, 35 N. Y. 9, 90 Am. Dec. 761; *Northern Pac. Ry. Co. v. Freeman*, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. ed. 1014; *Elliott v. Chicago etc. R. Co.*, 150 U. S. 245, 14 Sup. Ct. 85, 37 L. ed. 1068.)

The fact that the railway company violated statutes or ordinances is no excuse for negligence of party about to cross the track. (*Wheeler v. Oregon Ry. Co., supra; Rumpel v. Oregon Short Line etc. R. Co.*, 4 Ida. 13, 26, 35 Pac. 700, 22 L. R. A. 725; *Hudson v. R. Co.*, 101 Mo. 14; *Lake Shore etc. R. Co. v. Pinchin*, 112 Ind. 592, 13 N. E. 677; *Reynolds v. Hindman*, 32 Iowa, 146; *Pennsylvania Co. v. Rathgeb*, 32 Ohio St. 66; *Krauss v. Walkill Valley R. Co.*, 69 Hun, 482, 23 N. Y. Supp. 432.)

Failure to sound bell or blow whistle does not abrogate the doctrine of contributory negligence nor does it give a right of action where the negligence of the plaintiff contributed to or was the proximate cause of the injury. (*Carlson v. Chicago Ry.*, 96 Minn. 504, 113 Am. St. 655, 105 N. W. 555, 4 L. R. A., N. S., 349; *Meeks v. Southern Pac. R. Co.*, 52 Cal. 602; *Green v. Southern Cal. R. Co.*, 138 Cal. 1, 70 Pac. 926; *Toledo etc. R. Co. v. O'Connor*, 77 Ill. 391; *Little Rock etc. Ry. Co. v. Wilson*, 90 Tenn. 271, 25 Am. St. 693, 16 S. W. 613, 13 L. R. A. 364; *Weber v. Kansas City Cable Ry. Co.*, 100 Mo. 194, 18 Am. St. 541, 12 S. W. 804, 13 S. W. 587, 7 L. R. A. 819; *Chicago etc. R. R. Co. v. Huston*, 95 U. S. 697, 24 L. ed. 542; *Chicago etc. R. Co. v. Bennett*, 181 Fed. 799, 104 C. C. A. 309.)

The duty of a traveler approaching a railroad track to exercise care to use his eyes and ears, and to prevent injury to himself, in order to avoid the imputation of negligence, is not excused by the failure of those in charge of an approaching train to give the proper and statutory signals. (*Griffith v. Baltimore etc. R. Co.*, 44 Fed. 574; *Louisville & N. R. Co. v. Crawford*, 89 Ala. 240, 8 So. 243; *Little Rock etc. Ry. Co. v. Cullen*, 54 Ark. 431, 16 S. W. 169; *Chicago etc. Ry. Co. v. Crisman*, 19 Colo. 30, 34 Pac. 286; *Chicago etc. R. Co. v. Lee*, 68 Ill. 576; *Miller v. Terre Haute etc. Ry. Co.*, 144 Ind. 323, 43 N. E. 257; *Sala v. Chicago etc. Ry. Co.*, 85 Iowa, 678, 52 N. W. 664; *Atchison R. Co. v. Townsend*, 39 Kan. 115, 17 Pac. 804; *Blackwell v. St. Louis etc. R. Co.*, 47 La. Ann. 268, 49 Am. St. 371, 16 So. 818; *Maryland Cent. R. Co. v. Neubeur*, 62 Md. 391; *Judson v. Great Northern Ry. Co.*, 63 Minn. 248, 65 N. W. 447; *Caldwell v. Kansas City etc. R. Co.*, 58 Mo. App. 453; *Miller v. New York Cent. etc. R. Co.*, 81 Hun, 152, 30 N. Y. Supp. 751; *Cleveland C. C. etc. R. Co. v. Elliott*, 28 Ohio St. 340; *Ormsbee v. Boston & P. R. Corp.*, 14 R. I. 102, 51 Am. Rep. 354.)

A party about to cross the track must stop, look and listen at a point where it will be effective. (*Brommer v. Pennsylvania R. Co.*, 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A., N. S., 924; *New York Cent. etc. R. R. Co. v. Maidment*, 168 Fed. 23, 93 C. C. A. 413, 21 L. R. A., N. S., 794; *Kelsay v. Missouri Pac. Ry. Co.*, 129 Mo. 362, 30 S. W. 339; *Ladouceur v. Northern Pac. R. Co.*, 4 Wash. 38, 29 Pac. 942; *Brown v. Milwaukee & St. P. Ry. Co.*, 22 Minn. 165; *Abbett v. Chicago etc. Ry. Co.*, 30 Minn. 482, 16 N. W. 266; *Nelson v. Duluth etc. Ry. Co.*, 88 Wis. 392, 60 N. W. 703; *Blackburn v. Southern Pac. Co.*, 34 Or. 215, 55 Pac. 225; 3 Elliott on Railroads, sec. 1166, p. 1775; *Owens v. Pennsylvania R. Co.*, 41 Fed. 187.)

The fact that the crossing is dangerous requires, as a matter of law, a higher degree of care on the party crossing. (*Chicago etc. R. Co. v. Andrews*, 130 Fed. 65, 64 C. C. A. 399; *Butterfield v. Western R. Corp.*, 10 Allen (92 Mass.), 532; 87

Am. Dec. 678; *Fletcher v. Fitchburg R. Co.*, 149 Mass. 127, 21 N. E. 302, 3 L. R. A. 743.)

Obstructions rendering the view obscure and unreliable call for greater caution. (*Beyel v. Newport News etc. R. Co.*, 34 W. Va. 538, 12 S. E. 532; *Kinter v. Pennsylvania R. Co.*, 204 Pa. 497, 93 Am. St. 795, 54 Atl. 276; *Mankewicz v. Lehigh Valley Ry. Co.*, 214 Pa. 386, 63 Atl. 604; *Railroad Co. v. Smalley*, 61 N. J. L. 277, 39 Atl. 695; *Cleveland etc. Ry. Co. v. Wuest*, 41 Ind. App. 210, 83 N. E. 620; 40 Ind. App. 693, 82 N. E. 986; *Shumms' Admx. v. Rutland R. R. Co.*, 81 Vt. 186, 69 Atl. 945, 19 L. R. A., N. S., 973; *McKinney v. Port Townsend etc. Ry.*, 91 Wash. 387, 158 Pac. 107.) The judgments are grossly excessive. (*Beaton v. City of St. Maries*, 27 Ida. 638, 151 Pac. 996.)

F. C. Robertson, Robert Corkery and Allen P. Asher, for Respondent.

The failure to observe the statutory regulations renders the defendant liable for any damages sustained. (*Wheeler v. Oregon R. & N. Co.*, 16 Ida. 375, 102 Pac. 347.)

Deceased used due care for their own safety and stopped, looked and listened. (*Burrow v. Idaho & Wash. Nor. R. R. Co.*, 24 Ida. 652, 135 Pac. 838; *Fleenor v. Oregon Short Line Ry. Co.*, 16 Ida. 781, 102 Pac. 897.)

The deceased being strangers, were not absolutely charged to look at the best available point. (*Emens v. Lehigh Valley R. Co.*, 223 Fed. 810; *Rodrian v. New York etc. Ry.*, 125 N. Y. 526, 26 N. E. 741; *Baltimore & Ohio R. Co. v. Griffith*, 159 U. S. 603, 16 Sup. Ct. 105, 40 L. ed. 274; *Continental Improvement Co. v. Stead*, 95 U. S. 161, 24 L. ed. 403.)

The burden was on the defendant to show that deceased did not look or listen and it is presumed that they did look and listen. (*Texas & Pac. R. Co. v. Gentry*, 163 U. S. 353, 16 Sup. Ct. 1104, 41 L. ed. 186; *Baltimore & P. R. Co. v. Landrigan*, 191 U. S. 461, 24 Sup. Ct. 137, 48 L. ed. 262.)

Amount of recovery is very conservative considering ages of parents and earning capacity of father. (*Anderson v.*

*Great Northern Ry. Co.,* 15 Ida. 513, 522, 99 Pac. 91; *Ruppel v. United Railroads,* 1 Cal. App. 666, 82 Pac. 1073; *Staab v. Rocky Mountain Bell Tel. Co.,* 23 Ida. 314, 129 Pac. 1078; *Bourdier v. Louisiana Western Ry. Co.,* 133 La. 50, 62 So. 348; *Rochester v. Seattle, Renton & Southern Ry.,* 67 Wash. 545, 122 Pac. 23; *Wallace v. Third Ave. Ry. Co.,* 36 App. Div. 57, 55 N. Y. Supp. 132; *Demarest v. Little,* 47 N. J. L. 28; *Dimmey v. Wheeling etc. R.,* 27 W. Va. 32, 55 Am. Rep. 292.)

BUDGE, C. J.—Two actions were brought by the respondent, Clifford Graves, a minor, against the appellant; one for the death of his father, Minor Graves, the other for the death of his mother, Clara M. Graves, occasioned while the deceased were in the act of crossing appellant's railroad track, in an automobile, at Cocolalla. The cases were tried together, a jury being waived. The court rendered findings and judgment in favor of respondent, awarding him $8,500 for the death of his father, and $3,500 for the death of his mother. From these judgments and from an order overruling appellant's motion for a new trial in each case these appeals have been taken.

The cases were consolidated for argument and inasmuch as, in our view, they should be decided upon the same principle, we will deal with both of them in one opinion.

The court found that the crossing at which the accident occurred was a public crossing, much used and frequently traveled and was situated about 250 feet west of Cocolalla station; that between the crossing and station appellant carelessly and negligently maintained on its right of way numerous small buildings, sheds and outhouses and permitted trees, shrubbery, bushes, debris and other obstructions to stand there, which so obstructed the view of those who approached the crossing from the direction from which the deceased were traveling that a train approaching from the direction from which appellant's train was coming, at the time of the accident, could not be seen by one traveling along the highway until within a very short distance of the tracks, except at one or two points where a view of the tracks was

possible for a short distance; that on October 30, 1915, the parents of respondent were passing through Cocolalla in an automobile and as they attempted to cross the railroad track one of appellant's transcontinental trains, advancing at the rate of 45 miles an hour, bore down upon them from the direction of the station, wrecked their machine and killed them; that appellant failed to keep a sufficient lookout, failed to ring a bell or to give the customary crossing whistle, two long blasts, but gave only one blast, the ordinary station whistle; that the deceased were using due care and were driving at the rate of only eight miles an hour at the time of the collision.

Sec. 2821, Rev. Codes, provides: "A bell of at least twenty pounds weight must be placed on each locomotive engine, and be rung at a distance of at least eighty rods from the place where the railroad crosses any street, road or highway, and be kept ringing until it has crossed such street, road, or highway; or a steam whistle must be attached, and be sounded, except in cities, at the like distance, and be kept sounding at intervals until it has crossed the same. . . . . The corporation is also liable for all damages sustained by any person, and caused by its locomotives, trains, or cars, when the provisions of this section are not complied with."

That the provisions of this section were not complied with was found by the court, and the finding in respect thereto is amply sustained by the evidence. The failure to comply with this statute constituted negligence *per se.* This being true it was incumbent upon appellant to show contributory negligence on the part of deceased, in order to relieve itself of liability, which they attempted to do but the record does not bear out this contention. The finding of the court in regard to the dangerous character of the crossing, and the high rate of speed with which appellant was operating its train, is likewise sustained by the evidence. The trial court also found that the deceased at the time of crossing appellant's railway track were exercising such care and caution, in order to avoid being struck by one of appellant's trains, as a reasonably prudent person would exercise under like circumstances; that they looked and listened but did not see or hear the train

approaching; and that the automobile was under control at the time of the collision. Which findings we think are fully supported by the evidence.

The presumption is that one who is killed while attempting to cross a railroad track was exercising due and proper care for his protection. (*Fleenor v. Oregon Short Line R. Co.*, 16 Ida. 781, 102 Pac. 897.) In general it is said to be the duty of a person crossing a railroad track to exercise such care as would be exercised by a man of ordinary prudence under like circumstances. (33 Cyc. 981.) Some courts hold, however, that an ordinarily prudent man, as a matter of law, would stop, look and listen immediately before crossing the track, and that such would be his absolute duty.

There is a conflict in the testimony as to just how close to the track it was necessary to come in order to obtain an unobstructed view of approaching trains. The distance was placed at from 6 to 13 feet. Appellant contends, that regardless of the exact distance of this viewpoint from the track, it was an absolute duty, incumbent upon the deceased, to stop, look and listen between such point and the track, and that their failure to do so was contributory negligence. By the weight of authority, however, it is not negligence *per se* to fail to stop, but much depends upon the circumstances of each case. (33 Cyc. 1011, notes 34, 36; *Hopkins v. Utah Northern Ry. Co.*, 2 Ida. (277), 300, 13 Pac. 343; *Fleenor v. Oregon Short Line R. R. Co.*, supra; *Louisiana & A. Ry. Co. v. Ratcliffe*, 88 Ark. 524, 115 S. W. 396; *Chesapeake & O. Ry. Co. v. Patrick*, 135 Ky. 506, 122 S. W. 820; *Pittsburgh C. C. & St. L. Ry. Co. v. Dove*, 184 Ind. 447, 111 N. E. 609; *Cleveland C. C. & St. L. Ry. Co. v. Lynn*, 177 Ind. 311, 95 N. E. 577, 98 N. E. 67; *Hull v. Seattle etc. Ry. Co.*, 60 Wash. 162, 110 Pac. 804; *Chicago etc. Ry. Co. v. Baroni*, 32 Okl. 540, 122 Pac. 926; *Emens v. Lehigh Valley R. Co.*, 223 Fed. 810; *Pennsylvania R. Co. v. Cash*, 200 Fed. 337, 118 C. C. A. 443; *Mississippi Cent. R. Co. v. Hanna*, 98 Miss. 609, 54 So. 74; *Wise v. Delaware L. & W. R. Co.*, 81 N. J. L. 397, Ann. Cas. 1914D, 1071, 80 Atl. 459; *Smith v. St. Louis Southwestern Ry. Co.*, 150 Mo. App. 1, 129 S. W. 719.)

We do not think that this court, in the case of *Wheeler v. Oregon R. & N. etc. Co.*, 16 Ida. 375, 102 Pac. 347, attempted to enunciate a rule that the duty to stop is absolutely essential, for the reason that it was said by the court in that case: "If the facts are disputed and from them reasonable and prudent men might disagree as to negligence, then the question of negligence becomes a question of fact, and under proper instructions must be submitted to the jury."

There is no arbitrary rule as to when or where the traveler must stop, look and listen. (33 Cyc. 1012, note 39; *Cleveland C. C. & St. L. Ry. Co. v. Lynn, supra; Pittsburgh C. C. & St. L. Ry. Co. v. Dove, supra; Virgin v. Lake Erie & W. R. Co.*, 55 Ind. App. 216, 101 N. E. 500; *Giddings v. Chicago R. I. & P. Ry. Co.*, 133 Mo. App. 610, 113 S. W. 678.)

The record shows that the respondent's father left his automobile at the store, which was about 180 feet from the crossing, and walked to the railroad track, looked in both directions for trains, and seeing none came back to his automobile, in which he slowly proceeded along the highway to a point near the railroad crossing, where he stopped, but being unable to see the approaching train because of the obstructions which the company had maintained and permitted to remain between the crossing and the station, again proceeded slowly, with the machine under control, until he reached the crossing where the collision occurred. Whether or not deceased stopped their engine immediately at the track is immaterial under the facts of this case. There was no warning given by the approaching train. A strong wind was blowing toward the train and away from deceased. Numerous witnesses standing at a comparatively short distance, testified that they did not hear the crossing whistle nor the ringing of the bell. We do not agree with appellant's contention that the failure of the deceased to again stop their automobile, kill their engine, get out of their car a second time and look up and down the track, constituted contributory negligence. It would have been the duty of the deceased, had there been no obstructions, to have looked up and down the track before driving upon it. True, if deceased had waited at the bridge until the train

had passed the accident would have been avoided.   But they had taken every reasonable precaution to ascertain the danger, without avail.   They were proceeding slowly, were on the lookout for trains, and were not attempting to make the crossing ahead of the train.   Every fact and circumstance in evidence negatives contributory negligence on the part of deceased, which is more than the law requires.   (Sec. 4221, Rev. Codes.)

The death of respondent's parents resulted from the negligent and careless act of the agents and employees of the appellant railroad company, not only in the operation and management of its train, but also in the construction and maintenance of the buildings and other obstructions upon its right of way, between the public highway and its railroad station, which shut off the view of approaching trains and prevented the deceased from seeing or knowing at what time the trains would pass the crossing over which they attempted to drive the automobile.

The father's age, at the time of his death, was about 30 years, and he was earning from $150 to $200 a month; the mother's age was 27 years.   The judgments were not excessive and they are affirmed.   Costs awarded to respondent.

Morgan and Rice, JJ., concur.