(February 4, 1920.)

EMER W. SMITH and DAVID N. SMITH, Her Husband, Respondents, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

[187 Pac. 539.]

RAILROADS—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

1. The failure of a railroad company to comply with C. S., sec. 4820, requiring that a bell be rung when one of its locomotives is approaching a place where the railroad crosses a city street, is negligence *per se*.

2. Contributory negligence is generally a question of fact for the jury and only becomes one of law when the evidence is reasonably susceptible of no other interpretation than that the conduct of the injured party contributed to his injury, and that, because of his negligence and carelessness, he did not act as a reasonably prudent person would have acted under the circumstances.

[As to general principles applicable to contributory negligence, see note in 55 Am. Dec. 555.]

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed L. Bryan, Judge.

An action for damages by a married woman and her husband for personal injuries to the former; also an action for damages by the husband for injuries to his wife, and for destruction of personal property. The cases were consolidated, judgments were for plaintiffs and a new trial was denied. *Affirmed.*

Geo. H. Smith and H. B. Thompson, for Appellant.

Whatever the defendant may have done, or omitted, the driver was bound to stop, look and listen, or do such of these

things as would effectually inform her whether a train was about to cross the street. (*Wheeler v. Oregon R. & N. Co.,* 16 Ida. 375, 102 Pac. 347; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Burrow v. Idaho & W. N. R. R.,* 24 Ida. 652, 135 Pac. 838.)

Whatever the plaintiff had a right to expect in the relation of the railroad company toward her, she had not discharged her full duty until she had stopped, looked and listened, and looked so effectively, when she was, say, 50 feet from the crossing, as to see the train, which was then approximately 100 feet away, and in failing in this continuing duty, she was guilty of negligence *per sé* which was operative at the time of impact or the collision could not have occurred. (Note to vol. 1914A, Am. & Eng. Ann. Cas., p. 536; note to 23 Am. & Eng. Ann. Cas. 1133; *Hook v. Missouri Pac. R. R. Co.,* 162 Mo. 569, 63 S. W. 360; *Woolf v. Washington Ry. & Nav. Co.,* 37 Wash. 491, 79 Pac. 997; *Wilkinson v. Oregon S. L. R. Co.,* 35 Utah, 110, 99 Pac. 466; *Bates v. San Pedro, L. A. & S. L. R. Co.,* 38 Utah, 568, 114 Pac. 527; *Durbin v. Oregon Ry. & Nav. Co.,* 17 Or. 5, 11 Am. St. 778, 17 Pac. 5; *Aldredge v. Oregon W. R. & N. Co.,* 79 Wash. 349, 140 Pac. 550; *Griffin v. San Pedro L. A. & S. L. R. Co.,* 170 Cal. 772, 151 Pac. 282, L. R. A. 1916A, 842; *St. Louis Iron Mt. & S. R. Co. v. Gibson,* 48 Okl. 553, 150 Pac. 465; *Jacobs v. Atchison, T. & S. F. R. Co.,* 97 Kan. 247, Ann. Cas. 1918D, 384, 154 Pac. 1023, L. R. A. 1916D, 783; *Headley v. Denver & R. G. R. Co.,* 60 Colo. 500, 154 Pac. 731.)

The object in putting in electric bells is to promote public safety, not to increase railroad liability. Silence of such a bell is not an invitation to cross railroad tracks without taking the ordinary precautions. (*Jacobs v. Atchison, T. & S. F. R. Co., supra; McSweeney v. Erie R. Co.,* 93 App. Div. 496, 87 N. Y. Supp. 836; *Cleveland etc. R. Co. v. Heine Coffman,* 28 Ind. App. 163, 62 N. E. 455.)

The presumption that one exercised due care cannot be indulged in the presence of evidence of the fact. (8 Ency. Ev. 900, note 16 and cases cited; *Schmidt v. Missouri Pac.*

*R. Co.,* 191 Mo. 215, 90 S. W. 136, 3 L. R. A., N. S., 196; *Stotler v. Chicago & A. R. Co.,* 204 Mo. 619, 103 S. W. 1; *Studley v. St. Paul & D. R. Co.,* 48 Minn. 249, 51 N. W. 115; *Schofield v. Chicago, M. & St. P. R. Co.,* 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. ed. 224, see, also, Rose's U. S. Notes.)

Eustace & Groome, for Respondents.

Taking into consideration the admissions on the part of the defendant in its pleadings and the evidence in this case, the railroad company has been clearly guilty of negligence *per se.* Where the company fails to give the signals required by statute and a person is injured by one of their trains as a result, the company is liable in law for damages. (*Wheeler v. Oregon R. & N. Co.,* 16 Ida. 375, 102 Pac. 347; *Fleenor v. Oregon S. L. Ry. Co.,* 16 Ida. 781, 102 Pac. 897.)

The question of contributory negligence is one for the jury to determine, and cannot arbitrarily be said to be a matter of law. (*Wheeler v. Oregon R. & N. Co., supra; Fleenor v. Oregon S. L. Ry. Co., supra; Atchison, T. & S. F. R. Co. v. Feehman,* 149 Ill. 202, 36 N. E. 1036; *Staal v. Grand Rapids & I. R. Co.,* 57 Mich. 239, 23 N. W. 795; *Continental Improvement Co. v. Stead,* 95 U. S. 161, 24 L. ed. 403; *Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 12 Sup. Ct. 679, 36 L. ed. 485; see, also, Rose's U. S. Notes; *Antonian v. Southern Pac. Co.,* 9 Cal. App. 718, 100 Pac. 877; *Jones v. East Tennessee, Va. & Ga. R. R. Co.,* 128 U. S. 443, 9 Sup. Ct. 118, 32 L. ed. 478, see, also, Rose's U. S. Notes.)

The citizen who, on a public highway, approaches a railroad track, and can neither see nor hear any indications of a moving train, is not chargeable with negligence in assuming that there is no train sufficiently near to make the crossing dangerous. (*Tabor v. Missouri Valley R. R. Co.,* 46 Mo. 353, 2 Am. Rep. 517; *Kennayde v. Pacific R. R. Co.,* 45 Mo. 255; *Sullivan v. New York, N. H. & H. R. Co.,* 154 Mass. 524, 28 N. E. 911.)

The latest authorities covering the question as to the point where the traveler should look upon approaching a railroad

crossing as a question for the jury have been compiled in an exhaustive note in 37 L. R. A., N. S., 140.

The known disposition of men to avoid injury and personal harm to themselves constitutes a *prima facie* inference that the person injured was at the time in the exercise of ordinary care and was himself free from contributory negligence. (*Adams v. Bunker Hill & Sullivan M. Co.*, 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; 16 Cyc. 1057, and cases cited.)

The railroad company was guilty of negligence in the failure of its crossing bell to ring at the time of the accident. (Thompson on Negligence, sec. 1526, 1st supp.)

MORGAN, C. J.—At about half-past 5 o'clock on the evening of December 15, 1914, as respondent, Emer W. Smith, was attempting to cross appellant's railroad track at a point where it intersects Ninth Avenue in the city of Caldwell, the horse she was driving and the buggy in which she was riding were struck by one of its locomotives. As a result of the collision she was seriously injured and the horse, buggy and harness were destroyed. An action was commenced against appellant by Mrs. Smith and her husband to recover damages for her injuries, and a separate action was commenced by the husband to recover damages sustained by him because of injuries to his wife and on account of the destruction of the above mentioned personal property. The cases were consolidated and tried together in the district court and will be disposed of here in one opinion.

Appellant contends that the evidence is insufficient to justify the verdicts and insists that its negligence was not the proximate cause of the collision, but that it was proximately caused and directly contributed to by the negligence of Mrs. Smith in going upon the track in front of the train without stopping, looking or listening.

The locomotive which struck the horse and buggy was attached to a train referred to in the record as "the fast mail," and the evidence tends to show that at the time of and immediately prior to the collision C. S., sec. 4820, was not

complied with.  It provides: "A bell of at least 20 pounds weight must be placed on each locomotive engine, and be rung at a distance of at least 80 rods from the place where the railroad crosses any street, road or highway, and be kept ringing until it has crossed such street, road, or highway. . . . . "
The failure to conform to that statute has been held repeatedly to be negligence *per se.*  (*Wheeler v. Oregon R. R. etc. Co.,* 16 Ida. 375, 102 Pac. 347; *Fleenor v. Oregon Short Line R. R. Co.,* 16 Ida. 781, 102 Pac. 897; *Graves v. Northern Pacific Ry. Co.,* 30 Ida. 542, 166 Pac. 571.)

There is evidence sufficient to establish that just prior to the accident Mrs. Smith was driving rapidly toward the crossing; that from the time she came within 75 feet of the railroad track until she reached it there was no obstacle to prevent her seeing the approaching train; that it was a damp, foggy evening and that the headlight on the locomotive was not lighted; that no warning of the approach of the train was given, after she came within hearing distance of it, either by blowing a whistle, ringing a bell, sounding a crossing gong, which was located at that point, or by any other means.  Mrs. Smith testified that, as she approached, she looked up and down the track and listened, but neither saw nor heard the train until it was almost upon her.

In *Fleenor v. Oregon Short Line R. R. Co., supra,* the court said: "The railroad company has a right to assume that the traveling public will look and listen for passing trains, and that having looked and listened, they will discover the oncoming train and clear the track.  The traveler has an equal and like right to assume that the railroad company will give the required signals of the train's approach. . . . . He has a right to assume that the train will observe the usual regulations and precautions at street crossings.  If the operatives fail to give or display those signals by which the traveling public are to see and hear approaching trains, the exercise of the usual precautions of looking and listening are not likely to serve the protective and preventive ends for which they are intended.  The company must make the approach of its trains at such places known by appropriate means so that

by looking and listening, the traveler crossing its track may be able to discover its approach.''

It was not only Mrs. Smith's duty, as she approached the crossing, to look for a train, but to listen for the warning signals of its approach which it was appellant's duty to give. The evidence shows she did both. It is probable that, not hearing a whistle, bell or gong, and being lulled into a sense of security by appellant's failure to do its duty in that behalf, she did not look as carefully as a prudent person would have done who had no sense of hearing, or whose duty it was to depend upon the sense of sight alone. The law which required her to listen will protect her in acting, in part at least, upon the information thus obtained.

Contributory negligence is generally a question of fact for the jury and only becomes one of law when the evidence is reasonably susceptible of no other interpretation than that the conduct of the injured party contributed to his injury and that, because of his negligence and carelessness, he did not act as a reasonably prudent person would have acted under the circumstances. (*Donovan v. Boise City*, 31 Ida. 324, 171 Pac. 670.)

We cannot say, as a matter of law, that the evidence establishes contributory negligence. The judgments and order denying a new trial are affirmed. Costs are awarded to respondents.

Rice and Budge, JJ., concur.