JUDD et al. v. OREGON SHORT LINE R.
CO. et al.

No. 1818.

District Court, D. Idaho, S. D.

Oct. 4, 1933.

A. F. James, of Gooding, Idaho, for plaintiffs.

Geo. H. Smith, of Salt Lake City, Utah, and H. B. Thompson, of Pocatello, Idaho, for defendants.

CAVANAH, District Judge.

The plaintiffs bring this action against the Oregon Short Line Railway Company and Wm. E. Clinkingbeard, an engineer of the company, to recover for injuries alleged to the plaintiff E. S. Judd, Jr., and on account of the death of a minor child of the plaintiffs arising in connection with a railroad crossing collision between a locomotive of the company and an automobile driven by the plaintiff E. S. Judd, Jr.

The defendant company removed the case to this court as a citizen of Utah upon the ground that there is a separable controversy between it and the plaintiffs, and contends that the complaint fails to state a cause of action against the resident defendant, as no breach of duty owing from him to the plaintiffs Judd appears, and that the complaint discloses that the plaintiff Judd was guilty of negligence which bars a recovery.

The test of such controversy is, where there is no charge of fraudulent joinder made, whether the cause of action is a joint one in character. If there is a joint liability of the defendants disclosed by the complaint and one of the defendants is a resident, the case is not removable to the federal court. To determine that question on the record resort must be made to the complaint, and should it appear "that an action brought in a State court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a Federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal. Louisville & Nashville Railroad v. Wangelin, 132 U. S. 599, 601, 10 S. Ct. 203, 33 L. Ed. 473; Powers v. Chesapeake & Ohio Railway, 169 U. S. 92, 97, 18 S. Ct. 264, 42 L. Ed. 673; Alabama Great Southern Railway v. Thomp-

658

son, 200 U. S. 206, 214, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Chicago, R. I. & Pac. Railway v. Dowell, 229 U. S. 102, 111, 33 S. Ct. 684, 57 L. Ed. 1090; McAllister v. Chesapeake & Ohio Railway, 243 U. S. 302, 310, 37 S. Ct. 274, 61 L. Ed. 735; Chicago & Alton Railroad v. McWhirt, 243 U. S. 422, 425, 37 S. Ct. 392, 61 L. Ed. 826." Hay v. May Department Stores Company et al., 271 U. S. 318, 321, 46 S. Ct. 498, 499, 70 L. Ed. 965. So in the present case the plaintiffs' complaint alleges in substance that the negligence of the defendant Oregon Short Line Railroad Company was that it, through its employees, engaged in running a steam engine over a portion of its main line adjacent to and east of the village of Bliss, Idaho. That the defendant Wm. E. Clinkingbeard was the engineer in charge of the operation of the engine, and, as an employee of the defendant company, it was the duty of the defendants when operating a train over its railroad tracks in the state to ring a bell or sound a whistle on the locomotive at a distance of at least 80 rods from the place where the railroad crosses any street, road, or highway, and to keep the bell ringing or whistle blowing until the train had crossed the street, road, or highway. That the main line tracks of the defendant company on the 20th day of July, 1932, and for a long time prior thereto, with the knowledge and acquiescence of the defendant company, crossed a road which is approximately three-fourths of a mile east of the village of Bliss, which road extends in a northerly direction from a point on the state highway and approximately 200 yards west of the crossing of the Rupert-Bliss cut-off of the said railroad to what is known as the Riley Thorp farm which adjoins on the north at said crossing of defendant's right of way of its main line tracks. That said road is approximately one-half mile in length and is a narrow, winding road. That the approach to the crossing of the main line tracks both on the north and south side thereof is a sharp incline; the road crossing being approximately five feet higher than the road just north of the crossing. That immediately north of the crossing and on the right of way of the defendant company and at the crossing the road is rough and narrow, all of which the defendant company has known for a long time prior to the afternoon of July 20, 1932, and that the plaintiff was unfamiliar with the course, nature of construction, and condition of the road, and did not know that it ended on the right of way of defendant company; and did not know that he would be obliged, in order to return from his trip, to back his automobile on the railway right of way. That the road has been used generally by the public for a period of approximately seventeen years, and for that period of time the defendant company has knowingly permitted it to be used generally by the public and remain in such condition, and has knowingly permitted automobiles to drive on, and to be backed upon, the right of way. That on the afternoon of July 20, 1932, the plaintiff E. S. Judd, Jr., accompanied by his minor daughter, drove his automobile knowingly along and on the road extending from the Gooding-Bliss highway across the main line tracks of the defendant company to the south edge of the Riley Thorp farm and at the north edge of the right of way. That Judd at the time was a careful, skilled, and experienced driver. That after disposal of his business at the Thorp farm and desiring to return to Bliss he was obliged to and did back his automobile south and partly up the incline on the road toward the main line tracks, backing several yards towards the east extending parallel with the main line tracks, and then and there stopped his automobile, watched, listened, and looked in both directions for the approach of a train or engine, but did not see or hear the approach of either of them upon the tracks from any direction. That when looking up the railway track toward the east he looked through the left side windows and through the rear window of his automobile. That at the time the engine was in sight and in view at the place where plaintiff Judd had so stopped his automobile his view of the engine was momentarily obstructed by a portion of the frame work of his automobile between the windows thereof. That he then drove his automobile slowly in a southerly direction on the road up the approach to the railway crossing, and when doing so the road on the south side of the crossing was not visible to him, and because of that fact, and in order to detect the possible approach of an automobile coming from the south, and because of the steep incline of the approach, and the condition of the crossing, it was necessary for him to, and he did, give all his attention to observing the approach and crossing in attempting to safely drive his automobile up the incline and over the crossing, and was unable to see, and did not see, the approach of the engine. When he reached the crossing and nearly across it the defendant company, acting through its engineer, carelessly and negligently ran one of its engines at the crossing without sounding any alarm, bell, or whistle, or giving any signal or warning of any kind of the approach of the engine to the crossing,

and in consequence thereof the plaintiff reached the crossing without warning or knowledge of the danger. At the time of the collision defendant's engine was coasting quietly along the tracks at the rate of about twenty-five miles per hour without the defendant Clinkingbeard, or any of its employees, looking to see whether the crossing was clear, and without maintaining a lookout on the engine. That by reason of the facts so alleged, and without any fault or negligence on the part of the plaintiff Judd, the engine ran into and struck plaintiff's automobile on the crossing, thereby causing the injuries and the death of his minor child. That after the engine had crashed into the automobile the employees of the defendant company failed to apply the brakes on it and failed to slacken the speed thereof.

 The inquiry then is on a petition for removal. Do the facts thus stated present a case of joint liability arising from concurrent acts of negligence on the part of the defendants and co-operating to cause the injuries as a matter of state law, for on the question of removal the federal courts will not consider "more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it shown as the record stood when the removal was denied. We are not to decide whether a flaw could be picked in the declaration on special demurrer." Chicago, R. I. & P. R. Co. v. Schwyhart, 227 U. S. 184, 194, 33 S. Ct. 250, 251, 57 L. Ed. 473. It is charged in the complaint as an act of negligence that the defendants, when approaching the crossing where the accident occurred, neglected to comply with a provision of the state statute requiring a bell to be rung or whistle sounded at a distance of 80 rods from where the railroad crosses the road at the crossing. See section 60-412, I. C. A. A failure to ring bell or sound whistle constitutes negligence per se. Smith v. Oregon Short Line R. Co., 32 Idaho, 695, 187 P. 539; Graves v. Northern Pac. R. Co., 30 Idaho, 542, 166 P. 571. Also a violation of section 17-2716, I. C. A., which provides that every

engineer having charge of any railroad locomotive, who negligently suffers or causes the same to collide with an object or thing whereby the death of a human being is produced, becomes criminally liable. And further under the state law we find that the master and servant are jointly liable for the negligent acts of the servant acting within the scope of his employment and in the course of his duties. Wallace v. Hartford Fire Insurance Company, a Corporation, and Lee A. Strickfadden, 31 Idaho, 481, 174 P. 1009. It may be that a federal court would not hold that the action is joint if the matter were presented in a case of which it has jurisdiction. "But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal." Alabama Great Southern Railway Company v. Thompson, 200 U. S. 206, 218, 26 S. Ct. 161, 165, 50 L. Ed. 441, 4 Ann. Cas. 1147.

It is further suggested that as the complaint does not state a cause of action against the resident defendant there remains a separable controversy. But we must not overlook the rule recognized on a removal of a cause from a state court to the federal court, that it does not depend upon what issue remains to be tried, but must be determined by the nature of the cause of action set forth in the complaint. Adams v. Tolerton (D. C.) 22 F.(2d) 863.

Whether Judd when operating his automobile upon the railroad track was in plain view of an approaching train that could have been seen under the facts alleged in the complaint, and is guilty of contributory negligence which bars recovery under the case of Baltimore & O. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, and other decisions following the Goodman Case, would seem to be a question to be determined under the evidence to be presented after considering the language used in the complaint and not a question to be determined on a petition for removal.

The motion to remand is granted.